IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINO GADDINI,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT AYERS, Warden,<br><br>    Respondent. | No. C 07-1070 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket No. 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the San Quentin State Prison in San Quentin, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state sentence. Petitioner has filed a motion to proceed *in forma pauperis*, which is now GRANTED (docket no. 3).

The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Because the Court cannot determine whether Petitioner's claims are related to his earlier petition, Case No. C-06-7249 JSW (PR), the petition is dismissed with leave to amend within thirty days.

## BACKGROUND

According to the petition, Petitioner was convicted after a plea of "no contest" in Contra Costa County Superior Court and sentenced to a term of 2 years in state prison on March 28, 2006. It appears that this sentence may have been the result of a probation or parole revocation proceeding. Petitioner alleges that he filed collateral challenges in the

state courts, the final one occurring in the California Supreme Court, which was denied in 2007. Petitioner filed the instant federal habeas petition on February 21, 2007.

## DISCUSSION

I.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.    Discussion

It appears that the petition may raised multiple claims involving the same underlying conviction as Petitioner's case currently pending before this Court under Case No. C 06-7249 JSW (PR). Although it isn't entirely clear, Petitioner may have been sentenced on a parole revocation in these cases.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 24, 1996. Under AEDPA, a district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence that were raised in a previous petition. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

If the claims from both petitions do, in fact, relate to the same underlying proceeding, Petitioner may be able to amend the earlier petition to include these additional claims. The Civil Rule governing pleading amendments, Federal Rule of

Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with leave of court any time during a proceeding. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (citing Fed. R. Civ. P. 15(a)). Before a responsive pleading is served, pleadings may be amended once as a matter of course, i.e., without seeking court leave. *Id.* at 655. It does not appear that Respondent has filed a responsive pleading as of this date. Therefore, if Petitioner's claims relate to the same conviction and sentence as the earlier case, Petitioner may wish to file an amended petition on that case, raising all of the claims he wishes to pursue.

However, because this Court is unable to conclusively determine whether both petitions relate to the same underlying proceeding and therefore are subject to the rules regarding second or successive petitions, the case must be dismissed with leave to amend. Within thirty days of the date of this order, Petitioner must file a pleading which informs the Court whether the claims in this petition arise from the same conviction and sentence as those on Case No. C 06-7249 JSW (PR). If the claims do in fact arise out of the same conviction and Petitioner wishes to file an amended petition raising all claims on the earlier-filed case, he may file a voluntary dismissal in this action.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file a responsive pleading within *thirty days* of the date of this order informing this Court whether the claims raised herein relate to the same sentence as those on Petitioner's earlier-filed habeas action. Failure to file a responsive pleading by the deadline will result in dismissal of this action.

If Petitioner chooses to file an amended petition in Case No. c 06-7249 JSW (PR), he must do so within thirty days of the date of this order. Petitioner is reminded that an amended complaint filed as a matter of course or after leave of court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original

3

complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  In the event that he chooses to file an amended complaint on the earlier action, Petitioner may file a notice of voluntary dismissal in this case.

It is Petitioner's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with any orders of the Court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).  The Clerk shall serve a courtesy copy of this order on the Respondent in Case No. C 06-7249 JSW (PR).

IT IS SO ORDERED.

DATED: July 26, 2007

JEFFREY S. WHITE
United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

NINO GADDINI,

       Plaintiff,

  v.

ROBERT AYERS et al,

       Defendant.
                                       /

Case Number: CV07-01070 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nino Gaddini
F22217
CSP-San Quentin
San Quentin, CA 94974

Dated: July 26, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk